UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SEAN F. PIATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02200-JPH-TAB |
| | ) | |
| UNITED STATES MARSHAL, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Filing Fee,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

Plaintiff Sean F. Piatt is a federal inmate being held at the Marion County Jail in Indianapolis, Indiana. He commenced this civil action against the United States Marshal on August 21, 2020. Dkt. 1 The Court makes the following rulings.

## I. Filing Fee

No later than **September 22, 2020**, Mr. Piatt shall pay the $400 filing fee to the clerk of the district court or demonstrate his financial inability to do so. If Mr. Piatt seeks leave to proceed without prepayment of filing fees (to proceed *in forma pauperis*), his motion to do so must be documented with a certified statement of the financial transactions from his inmate trust account for the six-month period preceding the filing of this action. The **clerk is directed** to send Mr. Piatt a form for seeking to proceed *in forma pauperis* with his copy of this Order.

## II. Screening Standard

Because Mr. Piatt is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III. The Complaint

Mr. Piatt names the United States Marshal as the single defendant in his complaint. He seeks damages of $6,666.66 for the Marshal's act of placing him, a federal prisoner, into the Marion County Jail, a state facility. Mr. Piatt alleges that the Marshal should not have placed him in this jail because it holds no contract with the federal government to house federal prisoners. While at the Marion County Jail, Mr. Piatt alleges that on August 11, 2020, he was assaulted by other inmates who threw bleach and bodily fluids into his face. He has notified the Marshal of this incident and requested a move to a federal facility, but has not been moved and he fears for his life.

### IV. Discussion

Applying the foregoing screening standards to the allegations made by Mr. Piatt, and giving them a liberal interpretation, the complaint must be **dismissed** for failure to state a claim upon which relief can be granted. A federal prisoner has no constitutional or statutory right to be held in a particular facility or at a certain security level. *See, e.g., United States v. Johnson*, 223 F.3d

2

665, 673 (7th Cir. 2000) (holding sentencing court has no authority to dictate particular facility placement within the Bureau of Prisons) (citing *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995)). There is no constitutional requirement, and Mr. Piatt neither cites to or refers to any statutory provision, prohibiting the federal government from detaining a prisoner in a state or local jail.

Mr. Piatt in general terms asserts that he fears for his life in the Marion County Jail and that he has notified the Marshal of his concern. The fear appears to be because of the August 11, 2020, assault incident, which is a past event, and there is no allegation that officials were notified in advance of a danger to Mr. Piatt and ignored that danger. To prevail on a failure to protect claim, a plaintiff must show that a defendant was subjectively aware of and disregarded a "substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To make a defendant subjectively aware of a serious risk of attack, the inmate must communicate a specific and credible danger."); *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (concluding that an inmate who faced a threat of a possible but implausible prison riot failed to allege a substantial risk; *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). Even liberally construing the complaint, Mr. Piatt has failed to allege a specific and credible future threat to his safety or a specific individual who was informed of that threat and has ignored it.

Finally, the Court takes judicial notice that Mr. Piatt has filed an earlier civil action concerning his conditions of confinement at the jail. *See Piatt v. Marion Co. Jail*, No. 1:20-cv-02105-RLY-MPB (S.D. Ind. Aug. 10, 2020). Any claim that could be discerned in the instant complaint concerning the conditions of confinement in the Marion County jail are thus duplicative of such claims that are or could be presented in the earlier lawsuit.

Mr. Piatt's August 21, 2020, complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### V. Opportunity to Show Cause

The Court has discerned no viable federal constitutional or statutory claim for relief in Mr. Piatt's complaint. He shall have through **September 22, 2020**, in which to file an amended complaint that cures the deficiencies identified in this Order, or to file a motion to reconsider that demonstrates why the complaint should not have been dismissed and instead allowed to proceed.

### VI. Conclusion

Mr. Piatt shall pay the filing fee or see leave to proceed without prepayment of the filing fee as discussed in Section I no later that **September 22, 2020**. If Mr. Piatt wishes to proceed with this lawsuit, he shall no later than **September 22, 2020**, file an amended complaint that satisfies the deficiencies identified in Section IV, or file a motion to reconsider that demonstrates why this action should not have been dismissed and instead allowed to proceed. The failure to either satisfy the fee obligation or to address the deficiencies identified in Section IV will result in the dismissal of this action and entry of final judgment without further notice. The **clerk is directed** to send Mr. Piatt a form motion for seeking leave to proceed *in forma pauperis* with his copy of this Order.

**SO ORDERED**.

Date: 8/28/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Sean F. Piatt
553083
Marion County Jail
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204